# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re PATRICK JOSEPH SORIA,<br>  Debtor. | CV 18-4749 DSF<br><br>Order GRANTING Motion to Dismiss or Suspend Bankruptcy |

    Section 305 of the Bankruptcy Code allows the Court to dismiss or suspend a bankruptcy case at any time where "the interests of creditors and the debtor would be better served by such dismissal or suspension." 11 U.S.C. § 305(a)(1).

    There is no question that dismissal or suspension is in the best interests of the creditors. A receivership is already in place to conserve the estate assets and eventually distribute them. That receivership covers all of Soria's personal assets as well as the assets of several of Soria's business entities. Given Soria's intermingling of funds among his personal accounts and among his companies, the breadth of the receivership is an advantage over a bankruptcy proceeding that only covers Soria personally. Soria also has no credibility whatsoever, has not cooperated with movant or the Receiver, and has repeatedly violated this Court's orders. The Court is skeptical that he has any inclination to provide the good faith assistance that is necessary for the bankruptcy process to succeed.

In addition, the receivership has been in place for more than two months during which time the Receiver has gathered information, attempted to secure assets, and, in general, has expended time and money gaining familiarity with the assets and operations of Soria and his companies. Changing to a bankruptcy trustee at this point would unduly waste resources through duplication of effort.

Most of these points also demonstrate that dismissal or suspension of the bankruptcy is in Soria's interest as well. To the degree that Soria has any actual subjective interest in successfully managing his debts, he would benefit from having all claims against him handled in the common forum of a receivership. He also has an interest in minimizing administrative costs so that he can recover any residual of the estate/receivership. In no event would the Court allow Soria to maintain possession of the bankruptcy estate during bankruptcy, so that potential benefit of bankruptcy is not present.[1] Movant's point that Soria is not likely to make it through the bankruptcy process without violating numerous criminal laws pertaining to bankruptcy fraud seems certain to be true. It is to his benefit that his criminal exposure can be lessened though dismissal or suspension of the bankruptcy.

The Court finds that suspension, rather than dismissal, is appropriate here. The main advantage of proceeding by bankruptcy over proceeding by receivership is the opportunity to take advantage of the automatic stay.[2] While the Court could not

---

[1] The Court sees no reason to believe that Soria will change his ways, and, if allowed control over the bankruptcy estate, he will undoubtedly return to diminishing the estate through apparently fraudulent business dealings and lavish personal spending.

[2] The Court's preliminary injunction prevents future lawsuits against the Receivership Defendants, including Soria, but does not enjoin previously filed state court lawsuits due to the Anti-Injunction Act.

2

locate any authority on the point, it appears from the language of 11 U.S.C. § 362 shows that the automatic stay would remain in effect if the bankruptcy is suspended. See 11 U.S.C. § 362(c) (stay continues until "property no longer property of the estate," "the case is closed," "the case is dismissed," or "a discharge is granted or denied").

The motion to suspend the bankruptcy is GRANTED. The motion for extension of time to file Chapter 11 documents is MOOT.

IT IS SO ORDERED.

Date:  7/16/18                    _____
                                  Dale S. Fischer
                                  United States District Judge